## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES RAY BAILEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2743 |
| | § | |
| LORETTA MULDROW, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Charles Ray Bailey, an inmate in custody of the Harris County Sheriff's Department in Houston, Texas, filed this complaint under 42 U.S.C. § 1983 alleging violations of his civil rights. Bailey proceeds *pro se* and requests leave to proceed *in forma pauperis*. The threshold question is whether Bailey's claims should be dismissed for failure to state a claim.

According to his complaint, Bailey is in jail pending trial on criminal charges, and is represented by attorney Loretta Muldrow. Bailey complains that Muldrow is violating his constitutional rights and causing him mental oppression by refusing to send him copies of certain pleadings and documents in his case. Bailey seeks $25,000.00 in damages.

When a party proceeds *in forma pauperis*, the district court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c);

1

28 U.S.C. § 1915(e)(2)(B).  An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

A plaintiff seeking relief under 42 U.S.C. § 1983 must establish two essential elements: that the conduct complained of was committed under color of state law, and that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990).  Private attorneys, including public defenders, are not state actors within the meaning of section 1983. *Polk County v. Dodson*, 454 U.S. 312, 321-22 (1981).  Bailey's claims against Muldrow are not cognizable under section 1983 because a defense attorney in a criminal proceeding is not a state actor. *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir.1996).  Bailey fails to state a claim upon which relief can be granted against his lawyer, and accordingly, cannot prove any set of facts in support of his claim against Muldrow under section 1983.  Because Bailey's complaints against Muldrow are legally frivolous, the Court will dismiss this lawsuit.

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), this lawsuit is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.  Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to all parties and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.

Signed at Houston, Texas, on this the 25th day of August, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

3